IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BASLER ELECTRIC COMPANY,<br><br>    Plaintiff,<br><br>    vs.<br><br>FORTIS PLASTICS, LLC and<br>REALIZATION SERVICES, INC.,<br><br>    Defendants. | Case No. 12-cv-713-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Fortis Plastics, LLC's ("Fortis") motion to dismiss plaintiff Basler Electric Company's ("Basler") complaint in part (Doc. 12). Basler originally filed its four-count complaint in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, alleging breach of contract, breach of warranty, tortious interference, and conversion. Thereafter, defendants removed the case to this Court. Fortis filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging that Basler's conversion claim should be dismissed pursuant to Illinois' economic loss doctrine, also known as the *Moorman* doctrine. Basler filed a response (Doc. 16) stating that the economic loss doctrine does not bar intentional torts.

When considering a Rule 12(b)(6) motion to dismiss, the Court must "construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the non-moving] party's favor." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). The complaint must "contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"'Economic loss' has been defined as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits – without any claim of personal injury or damage to other property.'" *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 449 (Ill. 1982) (citing Note, *Economic Loss in Products Liability Jurisprudence*, 66 Colum. L. Rev. 917, 918 (1966)).  In *Moorman*, the case from which Illinois' economic loss doctrine derives its name, the Illinois Supreme Court held that economic loss was not recoverable under the tort theories of strict liability, negligence, and innocent misrepresentation.  *Moorman*, 435 N.E.2d at 449, 451-53.  The policy reason underlying the *Moorman* doctrine states that "[w]hen the defect is of a qualitative nature and the harm relates to the consumer's expectation that a product is of a particular quality so that it is fit for ordinary use, contract, rather than tort, law provides the appropriate set of rules for recovery."  *Id*. at 451.

*Moorman* recited the following three exceptions to the economic loss doctrine:

> (1) where the plaintiff sustained damage, *i.e., personal injury or property damage*, resulting from a sudden or dangerous occurrence; (2) where the plaintiff's damages are proximately caused by a defendant's intentional, false representation, *i.e.*, fraud; and (3) where the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions.

*In re Chi. Flood Litig.*, 680 N.E.2d 265, 275 (Ill. 1997). The Seventh Circuit has specifically recognized intentional torts as an exception to the *Moorman* doctrine.  *Dundee Cement Co. v. Chem. Labs., Inc.*, 712 F.2d 1166, 1170 (7th Cir. 1983); *see also ABC Trans Nat'l Transp., Inc. v. Aeronautics Forwarders, Inc.*, 413 N.E.2d 1299, 1312-14 (Ill. App. Ct. 1980) (allowing recovery of lost profits where complaint alleged fraud, conspiracy, and breach of fiduciary duty); *Int'l Bhd. of Teamsters Local 734 Health and Welfare Trust Fund v. Phillip Morris, Inc.*, 34 F. Supp. 2d 656, 661 (N.D. Ill. 1998) (acknowledging *Moorman* doctrine allows recovery where the economic loss resulted from an intentional tort).

Here, Basler alleges not merely a negligence claim that would invoke the *Moorman* doctrine. Rather, Basler has pleaded the intentional tort of conversion. As the Seventh Circuit recognized in *Dundee*, the *Moorman* doctrine is inapplicable to intentional torts. Accordingly, Basler's conversion claim is not inconsistent with the *Moorman* doctrine and it should not be dismissed. Thus, Fortis' motion to dismiss (Doc. 12) Basler's conversion claim is **DENIED**.

**IT IS SO ORDERED.**

**DATE:** August 27, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
