IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BASLER ELECTRIC COMPANY,

Plaintiff,

vs.

FORTIS PLASTICS, LLC and
REALIZATION SERVICES, INC.,

Defendants.

Case No. 12-cv-713-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Realization Services, Inc.'s ("RSI") motion to dismiss plaintiff Basler Electric Company's ("Basler") complaint (Doc. 14) and amended Count III (Doc. 27). For the following reasons, the Court denies RSI's motion to dismiss.

**I. Facts and Procedural History**

The facts of this case, taken from Basler's well-pleaded complaint, are as follows. Basler and defendant Fortis Plastics, LLC ("Fortis") entered into a contract on September 22, 2010, wherein Fortis was to produce and sell to Basler plastic components at an agreed price. Basler then sold those plastic components to its customers. Thereafter, in February 2012, Fortis refused to honor Basler's purchase orders to manufacture the plastic components. Basler alleges that Fortis' decision to dishonor Basler's purchase orders resulted from advice given to Fortis by RSI. Specifically, RSI instructed Basler that Fortis would not supply the plastic components unless Basler paid 300% of the price agreed upon in the contract. Fortis also refused to return to Basler certain tooling and equipment Basler provided to Fortis so that Fortis could manufacture plastic components exclusively for Basler.

On May 17, 2012, Basler filed its four-count complaint in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, alleging breach of contract against Fortis, breach of warranty against Fortis, tortious interference against RSI, and conversion against Fortis and RSI. Defendants removed the case to this Court. Subsequent to removal, Basler filed an amended tortious interference claim.

**II. Analysis**

When considering a Rule 12(b)(6) motion to dismiss, the Court must "construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the non-moving] party's favor." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). The complaint must "contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must provide "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Bell Atl. Corp.*, 550 U.S. at 556. However, the plaintiff need not "show that she would probably prevail." *Redd v. Nolan*, 663 F.3d 287, 291 (7th Cir. 2011). "A well-pleaded complaint 'may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id*. (quoting *Bell Atl. Corp.*, 550 U.S. at 556).

RSI alleges in its motion to dismiss that both the tortious interference and conversion claims against it in Counts III and IV contained in plaintiff's complaint and amended Count III must be dismissed. The Court will address both of these claims in turn.

**a. Amended Count III - Tortious Interference**

In RSI's motion to dismiss plaintiff's amended Count III (Doc. 27), RSI argues that Amended Count III must be dismissed because it (i) does not provide sufficient factual allegations; (ii) conflates claims of tortious interference with a contract and tortious interference with a prospective economic relationship; and (iii) improperly relies solely on allegations made on 'information and belief.'" Doc. 27, p. 7. The Court will consider both Basler's inferences to claims for tortious interference with a contract and tortious interference with a prospective economic relationship in its analysis. First, the Court will consider whether Basler has pleaded sufficient factual allegations to survive a Rule 12(b)(6) motion to dismiss.

Basler's complaint contains the following relevant allegations. First, Basler alleges that "[o]n information and belief, [RSI], on its own initintive [sic], and in pursuit of its own interests, directed Fortis to cease honoring the Agreement and the purchase orders entered into by Fortis with Basler and directed Fortis to cease the manufacture and/or delivery of the plastic components to Basler." Doc. 23, p. 2. The complaint further alleges that RSI advised Basler "that if Basler wished Fortis to complete and deliver plastic components which were subject of such Agreement and purchase orders, that Basler must pay 300% of the price agreed to in said contract." *Id*. Through such conduct, Basler alleges that RSI "intentionally interfered with the contractual relations between Fortis and [Basler] causing Fortis to breach its Agreement with [Basler]." *Id*. Basler further alleges that RSI interfered with Basler's "contractual relations between Basler and its customers by causing Fortis to breach its Agreement with [Basler]" because RSI was aware that the plastic components at issue were to be used to fulfill contracts Basler had with its customers. *Id*. at 4

The relevant elements for the two causes of actions alleged by Basler in Amended Count III are as follows. Under Illinois law, a plaintiff must show the following to establish a tortious interference with a contract claim:

> (1) the existence of a valid and enforceable contract between the plaintiff and a third party; (2) defendant's awareness of the contract; (3) defendant's intentional and unjustified inducement of a breach; (4) defendant's wrongful conduct caused a subsequent breach of the contract by the third party; and (5) damages.

*Echo, Inc. v. Timberland Machs. & Irrigation, Inc.*, 661 F.3d 959, 968 (7th Cir. 2011) (citing *Purmal v. Robert N. Wadington & Assocs.*, 820 N.E.2d 86, 98 (Ill. App. Ct. 2004)). Similarly, the elements for tortious interference with a prospective economic advantage or a prospective contractual relationship are:

> (1) the plaintiff's reasonable expectation of entering into a valid business relationship; (2) the defendants' knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendants that prevents the plaintiff's legitimate expectancy from being fulfilled; and (4) damages to the plaintiff resulting from such interference.

*Burrell v. City of Mattoon*, 378 F.3d 642, 652 (2004). With respect to pleading the appropriate elements of a claim, *Twombly* does not change the fact that the federal court system employs a notice pleading standard. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). As such, "[a] defendant is owed 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Considering the recited elements and the relevant pleading standards, the Court finds Basler sufficiently pleaded a tortious interference with contract claim. Here, Basler has put RSI on notice that RSI's recommendation to Fortis that it only deliver plastic components to Basler at 300% of the contract price induced Fortis to breach its contract with Basler. Accordingly, Basler did not simply plead a bare recitation of the elements of the claim for tortious interference

with a contract. Rather, Basler's complaint gives RSI sufficient notice of the nature of the claim and the grounds upon which it rests. *See id.*

Similarly, the Court finds that Basler sufficiently pleaded a tortious interference with a prospective economic relationship claim. Specifically, Basler alleged that it planned to sell the plastic components to its customers and RSI had knowledge of this plan. Further, Fortis's refusal to sell plastic components to Basler, pursuant to RSI's instructions, prevented Basler from selling plastic components to its customers. As a result, Basler was damaged by the loss of those sales. Again, Basler did more than make a threadbare recitation of the elements of a tortious interference with a prospective economic relationship claim. Rather, Basler's complaint gives RSI notice of both its legal claim and the grounds upon which it rests.

The Court further finds that Basler's allegations "[o]n information and belief" are sufficient. Doc. 23, p. 2. A party may plead upon information and belief "where the facts are peculiarly within the possession and control of the defendant." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010); *see also Michael v. Letchinger*, 2011 WL 3471082, at *16 (N.D. Ill. Aug. 5, 2011). Basler may not be privy to RSI's reasoning for directing Fortis to breach the contract, or whether RSI's direction was for its own purposes. Accordingly, it is proper for Basler to plead this allegation upon information and belief.

Finally, the Court does not find it improper that Basler has suggested two causes of action within one count. Under Federal Rule of Civil Procedure 10(b), "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Basler's claims of tortious interference with a contract and tortious interference with a prospective economic relationship are founded on the same transaction or occurrence. Accordingly, while desirable, it was not necessary for Basler to set forth these

claims in separate counts. Now, the Court will turn to address whether Basler's conversion claim against RSI must be dismissed.

**b. Count IV - Conversion**

RSI alleges that Basler's conversion claim must be dismissed because the economic loss doctrine bars recovery on such a claim. The Court finds it appropriate to deny RSI's motion to dismiss Basler's conversion claim for the same reason it denied Fortis' motion to dismiss (Doc. 25). "'Economic loss' has been defined as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits – without any claim of personal injury or damage to other property.'" *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 449 (Ill. 1982) (citing Note, *Economic Loss in Products Liability Jurisprudence*, 66 Colum. L. Rev. 917, 918 (1966)). In *Moorman*, the case from which Illinois' economic loss doctrine derives its name, the Illinois Supreme Court held that economic loss was not recoverable under the tort theories of strict liability, negligence, and innocent misrepresentation. *Moorman*, 435 N.E.2d at 449, 451-53. The policy reason underlying the *Moorman* doctrine states that "[w]hen the defect is of a qualitative nature and the harm relates to the consumer's expectation that a product is of a particular quality so that it is fit for ordinary use, contract, rather than tort, law provides the appropriate set of rules for recovery." *Id*. at 451.

*Moorman* recited the following three exceptions to the economic loss doctrine:

> (1) where the plaintiff sustained damage, *i.e., personal injury or property damage*, resulting from a sudden or dangerous occurrence; (2) where the plaintiff's damages are proximately caused by a defendant's intentional, false representation, *i.e.*, fraud; and (3) where the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions.

*In re Chi. Flood Litig.*, 680 N.E.2d 265, 275 (Ill. 1997). The Seventh Circuit has specifically recognized intentional torts as an exception to the *Moorman* doctrine. *Dundee Cement Co. v.*

*Chem. Labs., Inc.*, 712 F.2d 1166, 1170 (7th Cir. 1983); *see also ABC Trans Nat'l Transp., Inc. v. Aeronautics Forwarders, Inc.*, 413 N.E.2d 1299, 1312-14 (Ill. App. Ct. 1980) (allowing recovery of lost profits where complaint alleged fraud, conspiracy, and breach of fiduciary duty); *Int'l Bhd. of Teamsters Local 734 Health and Welfare Trust Fund v. Phillip Morris, Inc.*, 34 F. Supp. 2d 656, 661 (N.D. Ill. 1998) (acknowledging *Moorman* doctrine allows recovery where the economic loss resulted from an intentional tort).

Here, Basler alleges not merely a negligence claim that would invoke the *Moorman* doctrine. Rather, Basler has pleaded the intentional tort of conversion. As the Seventh Circuit recognized in *Dundee*, the *Moorman* doctrine is inapplicable to intentional torts. Accordingly, Basler's conversion claim is not inconsistent with the *Moorman* doctrine and it should not be dismissed.

## II. Conclusion

Accordingly, the Court **DENIES** RSI's motions to dismiss (Docs. 14 & 27).

**IT IS SO ORDERED.**

**DATE:** October 25, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**